EDWARD G. SWARTZ, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56634. Promulgated October 31, 1935.

*Joseph K. Moyer, Esq., Craig L. Reddish, Esq.,* and *Wilmer D. Zirkle, C. P. A.,* for the petitioner.

*L. H. Rushbrook, Esq.,* and *Bruce A. Low, Esq.,* for the respondent.

OPINION.

MURDOCK: The evidence shows quite clearly that gains or profits of the petitioner were permitted to accumulate beyond the reasonable needs of the business and that this situation existed in the taxable year. The principal business of the petitioner, from the time of its incorporation up to and through the year 1927, was to receive the payments due from the Cypress Co. under contract of August 25, 1919. That business was almost completed. As a matter of fact, Swartz received those payments as well as all other amounts due the petitioner and made all disbursements on behalf of the petitioner. Later, some bookkeeping entries were made to record these transactions as transactions of the petitioner. The petitioner had no other business in 1927 which required the accumulation of any gains or profits. The capital, including paid-in surplus, of the petitioner consisted of the property which Swartz put into it, i. e., $25,000 of stock and the contract with the Cypress Co. The latter was an exhausting asset having a basis to the petitioner of $524,778.56. The timber had all been cut and the petitioner had recovered through deductions for exhaustion of the contract the

entire basis prior to 1927. The stock of $25,000 was still on hand in 1927. Thus in 1927 the petitioner had its entire capital available for any needs of its business. Not only was its capital ample for the reasonable needs of the business of the petitioner in 1927, but, so far as this record shows, that amount exceeded the reasonable needs of all business in which the petitioner was then engaged. Furthermore, its capital would have been ample for all reasonable needs of the petitioner's business, even if that business were to include the making of all additional investments which Swartz was then considering. As a matter of fact, by far the larger part of the petitioner's capital was uninvested in 1927. These funds were being used by Swartz individually without the payment of interest and were represented by an account receivable from Swartz. Even if the funds had been fully invested by the petitioner, that fact would not show that gains had not been permitted to accumulate beyond the reasonable needs of the business. A mere intention to make some further investments is of less importance. In addition to its capital the petitioner also had on hand during all of 1927 a very substantial accumulation of gains and profits. This earned surplus amounted to $269,017 at the beginning of the year and $368,803.84 at the end of the year. These were real earnings accumulated in excess of the tax-free recovery of the correct basis for the contract. No part of this accumulation of gains and profits was reasonably needed in the business of the petitioner in 1927. Section 220 (b) makes this fact prima facie evidence of a purpose to escape the tax. Furthermore, the Commissioner has determined that the corporation was formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed. His determination is presumed to be correct and the deficiency must be approved unless the petitioner has shown affirmatively by the evidence that it was neither formed nor availed of for the purpose mentioned in section 220. Purpose is not easy to determine.

Swartz was really the only stockholder in the petitioner and counsel for the petitioner has made a strenuous effort to show that Swartz had no purpose in 1927 to avail of the petitioner in order to prevent the imposition of surtax upon himself through the medium of permitting its gains and profits to accumulate instead of being divided or distributed. Swartz specifically testified that he never had had any such purpose. Counsel for the petitioner argues that the truth of that statement is demonstrated in other ways. His contention is that Swartz believed in 1927 that all of the gains and profits of the petitioner had been distributed and it did not have on hand any accumulation of gains or profits from which to declare any further

dividends. He argues that Swartz was of the opinion in 1927 that the petitioner was entitled to use as a basis for exhaustion of the contract the fair market value of the contract at the time it was entered into; Swartz believed in 1927 that that fair market value was about $1,000,000; the corporation had received up to 1927 about $1,500,000 under the contract and had paid out about $500,000 to Swartz in dividends; Swartz believed in 1927 that the corporation had no earnings available for dividends; thus Swartz in 1927 did not believe that he was using the petitioner to prevent the imposition of surtaxes on himself, which demonstrates that he had no purpose at that time to avail of the petitioner to prevent the imposition of surtaxes on himself by permitting the petitioner to accumulate its, earnings.

Counsel for the petitioner now concedes that the basis for exhaustion of the contract in the hands of the petitioner was not $1,000,000, was not the fair market value of the contract at the time it was entered into, but was $524,778.56 (the fair market value on March 1, 1913, of the properties acquired by Swartz prior to that date plus the cost of the properties acquired by him after that date, less the exhaustion prior to the effective date of the incorporation). He further concedes that the petitioner had in 1927 an accumulation of gains and profits. He makes these concessions in view of the decision of the Board in the case of this same petitioner relating to the year 1926. The opinion of the Board in that case is reported at 25 B. T. A. 1065. The Board's decision was affirmed. See 69 Fed. (2d) 633. Counsel argues, however, that in 1927 Swartz believed to the contrary, his belief was not an unreasonable one, and his error was not demonstrated until long afterwards when the opinion of the Board was promulgated on April 6, 1932, and the opinion of the appellate court was promulgated on March 15, 1934. He says that the fact that Swartz really had such opinions in 1927 is shown by the appeal for 1926 and by the vigor and persistence with which that appeal was prosecuted. Swartz testified that the corporation received about a million and a half under the contract and, in his opinion, about $500,000 of that amount was profit and the balance was the value of the contract, and he also testified that he thought there were no accumulated profits from which to declare a dividend in 1927. Thus, although much support for the above argument can be drawn from Swartz's testimony, nevertheless a number of his statements are not convincing when examined in the light of other evidence in the case.

Swartz discussed with two accountants the question of whether or not a dividend should be declared in 1927. Those three persons testified in this case in regard to their recollections of those discussions. Although Swartz has testified that he believed in 1927 that the petitioner had no accumulation of profits from which a dividend could

be declared in 1927, yet the testimony of the two accountants indicates that they knew that the corporation had accumulated earnings from which a dividend could be declared. Neither accountant, in assigning reasons for the failure to declare a dividend in 1927, mentioned the lack of accumulated earnings. Each assigned other reasons for the decision to declare no dividends in that year.

The corporation in its income tax returns never claimed exhaustion of the contract on the basis of the fair market value of the contract at the time it was entered into. It never claimed that the proper basis was as large as $1,000,000. Instead, it claimed deductions on a much smaller basis. Originally, it claimed deductions on the basis of the cost of the various properties to Swartz. Later it claimed the right to use the somewhat larger figure representing the fair market value on March 1, 1913, of those portions of the property acquired prior to that date. The original petition in the prior proceeding relating to the year 1926 was filed on March 22, 1928. The petitioner there made no contention that it was entitled to use as a basis the value of the contract either at the time it was entered into by Swartz or at the time it was received by the petitioner. Its only contention in regard to the basis for exhaustion of the contract was that it was entitled to use $137,000, representing the fair market value of some of the timber on March 1, 1913. An amended petition was filed in the latter part of November 1929, wherein for the first time the petitioner contended that it was entitled to use as a basis for exhaustion of the contract the fair market value of the contract at the time it was entered into by Swartz. Thus it appears that between March 22, 1928, when the original petition in that proceeding was filed, and November 1929, some one, interested in the petitioner, for the first time formed the opinion that it might claim as a basis for exhaustion of the contract an amount in excess of the figure theretofore used.

If Swartz had actually believed in 1927 that the correct basis for exhaustion of the contract in the hands of the petitioner was larger than $599,513.58, or $524,778.56, he and his accountants were sufficiently tax-conscious that they undoubtedly would have discussed that matter and would have indicated his belief in making out the return for 1926, in the negotiations and communications with the Bureau of Internal Revenue relating to the 1926 tax liability, in the original petition filed with the Board for that year, or in the records of the petitioner. Yet neither Swartz nor the accountants mentioned having discussed the matter, none of the returns reflect such a belief, and the first indication that any such belief was entertained by any one on behalf of the petitioner is in the amended petition filed in November 1929, long after the taxable year 1927. Changes were made in the books of the petitioner at some time after 1926

(the exact time is not disclosed in this record), to make the books conform with the final determination of the Commissioner of Internal Revenue for the years 1921 to 1924 and to show a consistent procedure for the years 1925 and 1926. Apparently these changes included an increase in the basis from cost to show a slight increase due to the use of the March 1, 1913, value. But a larger basis was never used in those books.

The other arguments of the petitioner to show a lack of purpose in 1927 to avail of the corporation to escape tax are not persuasive. All of the evidence has been carefully considered, but it does not fairly preponderate in favor of the petitioner. The presumption of correctness attaching to the Commissioner's determination and the prima facie evidence of purpose which must be taken from the fact that the gains and profits of the petitioner were permitted to accumulate beyond the reasonable needs of the business have not been overcome.

Reviewed by the Board.

*Decision will be entered for the respondent.*